## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD,** | ) |
| | ) |
| **BLOOMBERG L.P.,** | ) |
| 731 Lexington Ave | ) |
| New York, NY 10022 | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **NATIONAL INSTITUTES OF HEALTH,** | ) |
| Office of the Director | ) |
| 900 Rockville Pike | ) |
| Bethesda, MD 20892 | ) |
| | ) |
| **CENTERS FOR DISEASE CONTROL AND** | ) |
| **PREVENTION,** | ) |
| 395 E Street, S.W. | ) |
| Suite 9100 | ) |
| Washington, D.C. 20201 | ) |
| | ) |
| **FOOD AND DRUG ADMINISTRATION,** | ) |
| Office of the Chief Counsel | ) |
| White Oak Bldg. 1 | ) |
| 10903 New Hampshire Avenue, | ) |
| Silver Spring, MD 20993 | ) |
| | ) |
| **U.S. DEPARTMENT OF HEALTH AND** | ) |
| **HUMAN SERVICES,** | ) |
| Office of the General Counsel | ) |
| 200 Independence Ave., S.W, Room 713-F | ) |
| Washington, D.C. 20201 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1.      Plaintiffs JASON LEOPOLD and BLOOMBERG L.P. bring this suit to compel

Defendants NATIONAL INSTITUTES OF HEALTH, CENTERS FOR DISEASE CONTROL

AND PREVENTION, FOOD AND DRUG ADMINISTRATION, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES to discharge their statutory obligations and produce records concerning matters of significant public interest, including policies around external communications like health advisories and scientific reports, and records about recent measles outbreaks.

2.      As set forth below, Defendants have failed to conduct reasonable searches and produce records responsive to Plaintiffs' requests—in contravention of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and despite the profound public interest in the records at issue.  In some cases, Defendants failed to respond at all, or issue any determination following receipt of Plaintiffs' requests.  In all instances, Defendants failed to grant expedited processing, despite Plaintiffs demonstrating a compelling need.

3.      Defendants' refusal to produce nonexempt, responsive records violates the unambiguous directives of FOIA and warrants the relief requested herein.

**PARTIES**

2.      Plaintiff JASON LEOPOLD is an investigative reporter at Bloomberg News and is one of the FOIA requesters in this case.

3.      Plaintiff BLOOMBERG L.P. is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing content that is featured across multiple platforms, including digital, TV, radio, streaming video, print, and live events.  BLOOMBERG L.P. is one of the FOIA requesters in this case.

4.      Defendant NATIONAL INSTITUTES OF HEALTH ("NIH") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

5.      Defendant CENTERS FOR DISEASE CONTROL AND PREVENTION ("CDC")
is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

6.      Defendant FOOD AND DRUG ADMINISTRATION ("FDA") is a federal agency
and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

7.      Defendant U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES
("HHS") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.
HHS is the parent agency of the NIH, CDC, and FDA.

## JURISDICTION AND VENUE

8.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question
conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

9.      Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## JANUARY 22, 2025 FOIA REQUEST TO THE NIH

10.     On January 22, 2025, Plaintiffs submitted a FOIA request to the NIH for the
following records:

> 1. All records, which includes emails (and attachments), text
> messages, memos, letters, directives, legal guidance and legal
> opinions, talking points, complaints, referencing instructions from
> President Trump's new administration that federal health agencies,
> including the [NIH], pause all external communications, such as
> health advisories, weekly scientific reports, updates to websites and
> social media posts.
>
> 2. The identity of the named health advisories, weekly scientific
> reports, updates to websites and social media posts that have been
> paused thus far.
>
> The timeframe for this request is January 20, 2025, through the date
> the search for responsive records is conducted.
>
> Please search the Office of Public Affairs, the Office of General
> Counsel and every other office within NIH and HHS. You may limit
> the search to the heads of each office and their immediate aides or
> deputies.

11.     Plaintiffs' FOIA request sought expedited processing.

12.     A true and correct copy of Plaintiffs' FOIA request and subsequent correspondence with the NIH is attached hereto as Exhibit 1.

13.     On January 22, 2025, the NIH responded that the request was "considered 'Improper' as you have not specified the names of any stakeholders at the NIH whose records you would like searched, rendering your request as 'not reasonably described.'"  The NIH "administratively closed" the request.  *Id*.

14.     On January 22, 2025, Plaintiffs appealed the NIH's denial of their request.  *Id*. Among other points, Plaintiffs noted that—contrary to the NIH's assertion—the request did identify individuals whose records should be searched as "the heads of each office" within the NIH and HHS "and their immediate aides or deputies."  *Id*. at p. 4.

15.     On April 11, 2025, Plaintiffs sent a follow-up message to the NIH seeking an acknowledgement of the administrative appeal.  *Id*. at p. 5.

16.     NIH did not send any further correspondence to Plaintiffs regarding this request.

17.     As of the date of this filing, the NIH has not issued a determination on Plaintiffs' appeal. Nor has it produced any records.

## JANUARY 22, 2025 FOIA REQUEST TO THE CDC

18.     On January 22, 2025, Plaintiffs submitted a FOIA request to the CDC for the following records:

> 1. All records, which includes emails (and attachments), text messages, memos, letters, directives Legal guidance and legal opinions, talking points, complaints, referencing instructions from President Trump's new administration that federal health agencies, including the CDC, pause all external communications, such as health advisories, weekly scientific reports, updates to websites and social media posts.

2. The identity of the named health advisories, weekly scientific reports, updates to websites and social media posts that have been paused thus far.

The timeframe for this request is January 20, 2025, through the date the search for responsive records is conducted.

Please search the Office of Public Affairs, the Office of General Counsel and every other office within the CDC. You may limit the search to the heads of each office and their immediate aides or deputies.

19.    Plaintiffs' FOIA request sought expedited processing.

20.    A true and correct copy of the FOIA request and the CDC's response is included in Exhibit 2.

21.    This request to the CDC sought the same records Plaintiffs sought from the NIH in its January 22, 2025 request—which the NIH denied.  *Compare* Ex. 1 *with* Ex. 2.

22.    By contrast, on February 27, 2025, the CDC produced 416 pages of responsive records to Plaintiffs.  In an interim response, the CDC stated that it was "waiting on a consultation on an additional 881 pages to other government entities" and asked Plaintiffs to confirm whether they were interested in receiving all responsive documents currently pending consultation.  *Id*.

23.    On March 14, 2025, Plaintiffs confirmed that they sought all responsive records, including those pending consultation.  *Id*.

24.    Plaintiffs are not challenging the sufficiency of the records produced by CDC in its February 27, 2025, interim response.

**HHS RESPONDS TO THE REFERRAL ON MARCH 24, 2025**

25.    On March 24, 2025, HHS acknowledged receipt of the FOIA request referred to it by the CDC and assigned reference number 2025-02037-FOIA-OS to the matter.  A true and correct copy of the acknowledgement letter from HHS is attached hereto as Exhibit 3.

26.    On March 24, 2025, Plaintiffs pointed out that they sought expedited processing in their original request to the CDC on January 22, 2025, and confirmed they were still seeking expedited processing.  *Id.* at p. 4.

27.    HHS have not sent any further correspondence to Plaintiffs regarding this request.

28.    As of the date of this filing, HHS has not issued a determination, has not expedited the processing of Plaintiffs' request, and has not produced any records.

**JANUARY 28, 2025 FOIA REQUEST TO THE FDA**

29.    On January 28, 2025, Plaintiffs submitted a FOIA request to the FDA for the following records:

> 1. All records, which includes emails (and attachments), text messages, memos, letters, directives, legal guidance and legal opinions, talking points, complaints, referencing instructions from President Trump's new administration that federal health agencies, including the FDA, pause all external communications, such as health advisories, weekly scientific reports, updates to websites and social media posts.
>
> 2. The identity of the named health advisories, weekly scientific reports, updates to websites and social media posts that have been paused thus far.
>
> The timeframe for this request is January 20, 2025, through the date the search for responsive records is conducted.
>
> Please search the Office of Public Affairs, the Office of General Counsel and every other office within the FDA. You may limit the search to the heads of each office and their immediate aides or deputies.

30.    Plaintiffs' FOIA request sought expedited processing.

31.    On January 28, 2025, the FDA acknowledged receipt of the FOIA request and assigned reference number 2025-781 to the matter.

32.    A true and correct copy of the FDA's acknowledgement letter, quoting the FOIA request, is attached hereto as Exhibit 4.

33.    On January 31, 2025, the FDA denied expedited processing of the FOIA request. A true and correct copy of that denial letter is attached hereto as Exhibit 5.

34.    On February 3, 2025, Plaintiffs sent a follow-up message to the FDA asking for an estimated date of completion for the request. *Id*. at p. 3.

35.    The FDA has not sent any further correspondence to Plaintiffs regarding this request.

36.    As of the date of this filing, the FDA has not issued a determination, has not expedited the processing of Plaintiffs' request, and has not produced any records.

## MARCH 31, 2025 FOIA REQUEST TO HHS

37.    On March 31, 2025, Plaintiffs submitted a FOIA request to HHS for the following records:

> 1. All communications, such as emails (including attachments), Signal messages, text messages, letters, memos, risk assessments, final reports, final legal guidance and final legal opinions, referencing measles and the measles outbreak and vaccines and final changes to HHS policies governing communications to the public about measles.
>
> The timeframe for this request is February 13, 2025, through the date the search for responsive records is conducted.

38.    Plaintiffs' FOIA request sought expedited processing.

39.    A true and correct copy of the FOIA request is attached as Exhibit 6.

40.    HHS did not send any further correspondence to Plaintiffs regarding this request.

41.    As of the date of this filing, HHS has not issued a determination, has not expedited the processing of Plaintiffs' request, and has not produced any records.

42.    As of the date of this filing, HHS has failed to make any responsive records available to Plaintiffs as soon as practicable.

**APRIL 1, 2025 FOIA REQUEST TO THE CDC**

43.    On April 1, 2025, Plaintiffs submitted a FOIA request to the CDC for the following records:

> 1. All communications, such as emails (including attachments), Signal messages, text messages, letters, memos, risk assessments, final reports, complaints, talking points, final legal guidance and final legal opinions, referencing measles and the measles outbreak and vaccines and final changes to HHS policies governing communications to the public about measles.
>
> 2. The identity of the named health advisories, weekly scientific reports, publications, updates to websites and social media posts referencing measles that have been paused or withdrawn or were deemed to be in contrary to CDC's new policy goals.
>
> 3. A complete list or dataset of all regulations at the CDC that have been withdrawn, rewritten or paused.
>
> The timeframe for parts 1 and 2 of the request is February 13, 2025, through the date the search for responsive records is conducted.

44.    A true and correct copy of the FOIA request is attached as Exhibit 7.

45.    Plaintiffs' request sought expedited processing.

46.    The CDC has not sent any correspondence to Plaintiffs regarding this request.

47.    As of the date of this filing, the CDC has not issued a determination, has not expedited the processing of Plaintiffs' request, and has not produced any records.

**APRIL 5, 2025 FOIA REQUEST TO HHS**

48.    On April 5, 2025, Plaintiffs submitted a FOIA request to HHS for the following records:

> 1. All communications and records, such as emails (including attachments), memos, letters, text messages, Signal chat messages, Microsoft Teams messages, Gchat messages, reports, final legal guidance and opinions, sent or received by HHS's chief FOIA officer, HHS's FOIA public liaison and al HHS FOIA employees referencing the final decision on April 1 to place FOIA officers at the FDA and NIH on administrative leave and all CDC FOIA employees on administrative leave thereby effectively shuttering the

CDC FOIA office. This part of the request seeks records from HHS's FOIA office and the Office of the Secretary of HHS.

2. All records, such as emails (including attachments), memos, letters, reports, directives, legal guidance, after action reports, Signal messages, text messages, Microsoft Teams messages, Gchat messages, referencing the CDC's FOIA portal and the inability by requesters to access the portal on April 1, 2025.

3. All records, such as emails (including attachments), memos, letters, reports, legal guidance, text messages, Signal chat messages, Microsoft Teams messages, Gchat Messages, referencing the CDC's decision to remove FOIA logs and other records from the CDC's FOIA reading room on April 1, 2025.

4. A copy of HHS's most recent FOIA guidance and FOIA Standard Operating Procedures.

5. All records, such as emails (including attachments), memos, letters, reports, legal guidance, memoranda, directives, text messages, Signal chat messages, Microsoft Teams messages, Gchat messages, referencing final plans or proposals or procedures by HHS that will govern how CDC will respond to FOIA requests after April 1, 2025 and the same types of records.

6. All records, such as emails (including attachments), memos, letters, reports, directives, legal guidance, Signal chat messages, Microsoft Teams messages, Gchat messages referencing final plans or proposals or procedures to consolidate the CDC, FDA, NIH and other health agencies' FOIA offices into one HHS-wide office. The timeframe for this part of the request is January 20, 2025, through the date the search for responsive records is conducted.

7. All records related to the decision to terminate the CDC FOIA office's contract with Futrend. Please be sure the search for responsive records includes any records between HHS and CDC, FDA, NIH, the US DOGE Service or Department of Government Efficiency and DOJ's Office of Information Policy.

49.    Plaintiffs' FOIA request sought expedited processing.

50.    A true and correct copy of the request is attached as Exhibit 8.

51.    HHS has not sent any further correspondence to Plaintiffs regarding this request.

52.    As of the date of this filing, HHS has not issued a determination, has not expedited the processing of Plaintiffs' request, and has not produced any records.

## APRIL 5, 2025 FOIA REQUEST TO THE CDC

53.    On April 5, 2025, Plaintiffs submitted a FOIA request to the CDC for the following

records:

> 1. All communications and records, such as emails (including attachments), memos, letters, text messages, Signal chat messages, Microsoft Teams messages, Gchat messages, reports, final legal guidance and opinions, sent or received by CDC's chief FOIA officer and the CDC's FOIA public liaison and the 23 employees who worked in the CDC's FOIA office referencing the final decision on April 1 to place the CDC FOIA employees on administrative leave thereby effectively shuttering the CDC FOIA office.
>
> 2. All emails sent to FOIARequests@cdc.gov since April 1, 2025, and all replies to the emails sent by FOIARequests@cdc.gov
>
> 3. All records, such as emails (including attachments), memos, letters, reports, directives, legal guidance, after action reports, Signal messages, text messages, Microsoft Teams messages, Gchat messages, referencing the CDC's FOIA portal and the inability by requesters to access the portal on April 1, 2025.
>
> 4. All records, such as emails (including attachments), memos, letters, reports, legal guidance, text messages, Signal chat messages, Microsoft Teams messages, Gchat Messages, referencing the CDC's decision to remove FOIA logs and other records from the agency's FOIA reading room on April 1, 2025.
>
> 5. A copy of the CDC's FOIA logs for 2025 thus far.
>
> 6. The CDC's most recent FOIA guidance and FOIA Standard Operating Procedures.
>
> 7. All records, such as emails (including attachments), memos, letters, reports, legal guidance, memoranda, directives, text messages, Signal chat messages, Microsoft Teams messages, Gchat messages, referencing final plans or proposals or procedures governing how the CDC will respond to FOIA requests after April 1, 2025.
>
> 8. All records, such as emails (including attachments), memos, letters, reports, directives, legal guidance, Signal chat messages, Microsoft Teams messages, Gchat messages referencing final plans or proposals or procedures to consolidate the CDC, FDA, NIH and other health agencies' FOIA offices into one HHS-wide office. The

timeframe for this part of the request is Jan. 20 through the date the search for responsive records is conducted.

9. All records related to the decision to terminate the CDC FOIA office's contract with Futrend. Please be sure the search for responsive records includes any records between CDC and HHS, FDA, NIH, the US DOGE Service or Department of Government Efficiency and DOJ's Office of Information Policy.

54.     Plaintiffs' request sought expedited processing.

55.     A true and correct copy of the FOIA request is attached as Exhibit 9.

56.     The CDC has not sent any further correspondence to Plaintiffs regarding this request.

57.     As of the date of this filing, CDC has not issued a determination, has not expedited the processing of Plaintiffs' request, and has not produced any records.

## COUNT I – NIH'S FOIA VIOLATION
## JANUARY 22, 2025 FOIA REQUEST TO THE NIH

58.     The above paragraphs are incorporated by reference.

59.     Plaintiffs' January 22, 2025 FOIA request to the NIH seeks the disclosure of agency records and was properly made.

60.     Defendant NIH is a federal agency subject to FOIA.

61.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

62.     Defendant NIH has failed to conduct a reasonable search for records responsive to the request.

63.     Defendant NIH has failed to produce all non-exempt records responsive to the request.

## COUNT II – CDC'S FOIA VIOLATION
## JANUARY 28, 2025 FOIA REQUEST TO THE CDC

64.     The above paragraphs are incorporated by reference.

65.     Plaintiffs' January 28, 2025 FOIA request to the CDC seeks the disclosure of agency records and was properly made.

66.     Defendant CDC is a federal agency subject to FOIA.

67.     Defendant CDC failed to grant expedited processing in violation of the statute.

68.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

69.     Defendant CDC has failed to conduct a reasonable search for records responsive to the request.

70.     Defendant CDC has failed to issue a complete determination within the statutory deadline.

71.     Defendant CDC has failed to produce all non-exempt records responsive to the request.

### COUNT III – FDA'S FOIA VIOLATION
### JANUARY 28, 2025 FOIA REQUEST TO THE FDA

72.     The above paragraphs are incorporated by reference.

73.     Plaintiffs' January 28, 2025 FOIA request to the FDA seeks the disclosure of agency records and was properly made.

74.     Defendant FDA is a federal agency subject to FOIA.

75.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

76.     Defendant FDA has failed to conduct a reasonable search for records responsive to the request.

77.     Defendant FDA has failed to issue a complete determination within the statutory deadline.

78.     Defendant FDA has failed to produce all non-exempt records responsive to the request.

## COUNT IV – HHS'S FOIA VIOLATION
## MARCH 31, 2025 FOIA REQUEST TO HHS

79.     The above paragraphs are incorporated by reference.

80.     Plaintiffs' March 31, 2025 FOIA request seeks the disclosure of agency records and was properly made.

81.     Defendant HHS is a federal agency subject to FOIA.

82.     Defendant HHS failed to grant expedited processing in violation of the statute.

83.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

84.     Defendant HHS has failed to conduct a reasonable search for records responsive to the request.

85.     Defendant HHS has failed to issue a complete determination within the statutory deadline.

86.     Defendant HHS has failed to produce all non-exempt records responsive to the request.

## COUNT V – CDC'S FOIA VIOLATION
## APRIL 1, 2025 FOIA REQUEST TO THE CDC

87.     The above paragraphs are incorporated by reference.

88.     Plaintiffs' April 1, 2025 FOIA request to the CDC seeks the disclosure of agency records and was properly made.

89.     Defendant CDC is a federal agency subject to FOIA.

90.     Defendant CDC failed to grant expedited processing in violation of the statute.

91.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

92.     Defendant CDC has failed to conduct a reasonable search for records responsive to the request.

93.     Defendant CDC has failed to issue a complete determination within the statutory deadline.

94.     Defendant CDC has failed to produce all non-exempt records responsive to the request.

## COUNT VI –HHS'S FOIA VIOLATION
## APRIL 5, 2025 FOIA REQUEST TO HHS

95.     The above paragraphs are incorporated by reference.

96.     Plaintiffs' April 5, 2025 FOIA request to HHS seeks the disclosure of agency records and was properly made.

97.     Defendant HHS is a federal agency subject to FOIA.

98.     HHS failed to grant expedited processing in violation of the statute.

99.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

100.     Defendant HHS has failed to conduct a reasonable search for records responsive to the request.

101.     Defendant HHS has failed to issue a complete determination within the statutory deadline.

102.     Defendant HHS has failed to produce all non-exempt records responsive to the request.

## COUNT VII –CDC'S FOIA VIOLATION
## APRIL 5, 2025 FOIA REQUEST TO THE CDC

103.    The above paragraphs are incorporated by reference.

104.    Plaintiffs' April 5, 2025 FOIA request to the CDC seeks the disclosure of agency records and was properly made.

105.    Defendant CDC is a federal agency subject to FOIA.

106.    CDC failed to grant expedited processing in violation of the statute.

107.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

108.    Defendant CDC has failed to conduct a reasonable search for records responsive to the request.

109.    Defendant CDC has failed to issue a complete determination within the statutory deadline.

110.    Defendant CDC has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiffs ask the Court to:

i.      declare that Defendants have violated FOIA;

ii.     order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii.    enjoin Defendants from withholding non-exempt public records under FOIA;

iv.     award Plaintiffs attorneys' fees and costs; and

v.      award such other relief the Court considers appropriate.

Dated: April 18, 2025

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiffs
JASON LEOPOLD,
BLOOMBERG L.P.

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com